# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALIFE CRENSHAW, | : | Civil No. 3:19-cv-2117 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Petitioner Kalife Crenshaw ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 12, 2019, challenging his April 25, 2012, judgment and sentence entered in the United States District Court for the District of Maryland. (Doc. 1).

The Court undertakes preliminary review pursuant to Rules 1 and 4 of the Rules Governing Habeas Corpus Cases under § 2254. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

**I.    Background**

The following background facts are taken from a February 21, 2018, Memorandum Opinion denying Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255:

> The background facts of this case were set forth in Petitioner's plea agreement.  (ECF No. 23-1.)   On May 11, 2011, law enforcement apprehended Crenshaw and recovered a firearm and ammunition from his person. (Id. at 4). Petitioner was subsequently charged with one count of Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) At sentencing, Crenshaw had three prior serious drug offenses: a 1998 conviction for possession with intent to distribute cocaine, a 2000 conviction for possession with intent to distribute cocaine, and a 2003 conviction for distribution of cocaine. (PSR at ¶ 6,7,8.) He was therefore deemed an armed career criminal under 18 U.S.C. § 924(e), and subsequently sentenced to 180 months imprisonment, the mandatory minimum pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (ECF No. 45 at 2.)
>
> In 2012, Crenshaw appealed his sentence, arguing that the mandatory minimum sentencing scheme prescribed by § 924(e) conflicts with 18 U.S.C. § 3553(a), the general sentencing statute.  (ECF No. 38.)  [Specifically, 18 U.S.C. § 3553(a) sets forth factors for a district court to consider during sentencing and mandates that a court "impose a sentence sufficient, but not greater than necessary."] The Fourth Circuit affirmed Crenshaw's conviction, explaining that § 3551(a) "defines the scope of § 3553(a) so as to eliminate any conflict with mandatory minimum sentences, providing that sentencing shall be effected pursuant to § 3553(a) 'except as otherwise specifically provided.'" United States v. Crenshaw, No 12-4326, 486 Fed. App'x. 379, 379-80 (4th Cir. Nov. 2, 2012) (quoting § 3551(a)). Subsequently, Crenshaw filed the instant Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C § 2255 [challenging his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)]. (ECF No. 40.)

Crenshaw v. United States of America, Civil Action No. RDB-16-0772, Doc. 2, pp. 2, 3. The court concluded that "Petitioner was justly subjected to an enhanced sentence under 18 U.S.C. § 924(e). Accordingly, his Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 40) is DENIED." Id. at 6.

On August 14, 2019, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255, in his criminal case, United States v. Crenshaw, 1:11-cr-0456-RDB-1, Doc. 57. On November 15, 2019, he filed correspondence seeking to withdraw his second 2255 motion "based on the new rule announced in Rehaif v. U.S., 139 S.Ct. 2191 (2019)." Id. at 61. The district court granted the motion on November 18, 2019. Id. at Doc. 62.

Petitioner filed the instant petition on December 12, 2019. (Doc. 1).

**II.     Discussion**

Petitioner seeks relief on the ground that his plea of guilty to having "knowingly possessed a firearm and ammunition on May 11, 2011, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 USC § 922(g)(1)" is constitutionally invalid in the light of Rehaif v. United States, —— U.S. ——, 139 S. Ct. 2191 (2019). (Doc. 1, pp. 10, 11; United States v. Crenshaw, 1:11-cr-0456-RDB-1, Doc. 60, p. 2). Rehaif, held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

3

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant § 2241 petition seeking to challenge the legality of his conviction and sentence. A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. Tyler, 732 F.3d at 246 (quoting Dorsainvil,

4

119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and Petitioner fails to demonstrate that he is barred from challenging the legality of the conviction under § 2255. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Cradle, 290 F.3d at 539. Hence, it is appropriate to dismiss the petition for lack of jurisdiction. The dismissal is without prejudice to Petitioner's right to seek permission to file a second § 2255 motion with the United States Court of Appeals for the Fourth Circuit.

### III. Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** January 21, 2020